Paul A. WAGNER

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 27, 2007.

Decided Aug. 9, 2007.

mistaken reference to Article II does not impair common pleas' analysis or conclusions regarding preemption.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Robert T. Barletta, New Castle, for appellee.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

The Department of Transportation (Department) appeals from the order of the Court of Common Pleas of Butler County (trial court) that sustained the statutory appeal of Paul Wagner from a one-year disqualification of his commercial operating privilege pursuant to Section 1611(a)(1) of the Uniform Commercial Driver's License Act (Act),[1] *as amended*, 75 Pa.C.S. § 1611(a)(1), as a result of his violation of Section 3802 of the Motor Vehicle Code (Vehicle Code), 75 Pa.C.S. § 3802.[2] In this case of first impression, the Department contends that the trial court erred as a matter of law in its interpretation of Section 1611(a)(1) of the Act, 75 Pa. C.S. § 1611(a). We agree and reverse the order of the trial court.

It is undisputed that during the evening hours of December 28, 2005, Wagner was arrested and charged with driving under the influence of alcohol or a controlled substance (DUI) in violation of Section 3802(b) of the Vehicle Code, 75 Pa.C.S. § 3802. At the time of the offense, Wagner, who was qualified to hold a Commercial Driver License (CDL), was operating his personal vehicle. Wagner accepted an Accelerated Rehabilitative Disposition of the DUI charge, and he received notice that his operating privilege would be suspended for thirty days, effective June 8, 2006.

By separate letter, the Department notified Wagner that effective June 8, 2006 he would be disqualified from driving a commercial motor vehicle for one year pursuant to Section 1611(a)(1) of the Act. Wagner filed a statutory appeal from the one-year disqualification on the basis that he was not operating a commercial vehicle at the time of the DUI offense; therefore, he

---

**1.** Act of May 30, 1990, P.L. 173, No. 42, *as amended*.

**2.** Section 3802(b) of the Vehicle Code provides:

(b) **High rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. 3802.

was not a commercial driver at the time of the offense and the Department should not disqualify him from holding a CDL.

The trial court agreed with Wagner, finding that the language "where a person was a commercial driver at the time the violation occurred" found in Section 1611(a)(1) of the Act, 75 Pa.C.S. § 1611(a)(1), can clearly be distinguished from the language "using a motor vehicle" found in Section 1611(e) of the Act, 75 Pa.C.S. § 1611(e). The trial court found Section 1611(e) of the Act was very clear in stating that the section applied where a CDL holder was using any motor vehicle at the time of the violation. In contrast, Section 1611(a) of the Act was ambiguous because it is unclear as to whether the section applies to a CDL holder driving any vehicle or to a CDL holder driving a commercial vehicle. The trial court resolved the ambiguity in Section 1611(a)1(1) by concluding that if the General Assembly wanted the Section to apply to a CDL holder operating any vehicle, the General Assembly would have used language similar to that found in Section 1611(e). The trial court sustained Wagner's appeal.

■ The Department appealed, asserting that the trial court erroneously interpreted Section 1611(a)(1) of the Act, 75 Pa.C.S. § 1611(a)(1). We agree.

The interpretation of a statute raises a question of law, and in such instances, this Court's review is plenary. *Freundt v. Department of Transportation, Bureau of Driver Licensing*, 584 Pa. 283, 883 A.2d 503 (2005). When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, which directs that "the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly." *Walker v. Eleby*, 577 Pa. 104, 123, 842 A.2d 389, 400 (2004), citing 1 Pa.C.S.

§§ 1903(a), 1921(b). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker*. If the language of a statute is clear and unambiguous, a court must read its provisions in accordance with their plain meaning and common usage. *Commonwealth v. Becker*, 366 Pa.Super. 54, 530 A.2d 888, 890 (1987). We conclude that the mere fact that the wording of Section 1611(e) of the Act differs from that of Section 1611(a)(1) does not render Section 1611(a)(1) ambiguous.

Chapter 16 of the Vehicle Code explains that the chapter is intended to be a remedial law that is to be liberally construed to promote the public health, safety and welfare. 75 Pa.C.S. § 1602(b). To the extent that the chapter conflicts with other driver licensing provisions, Chapter 16 prevails and where it is silent, the general driver licensing provisions apply. Id. In addition, the Chapter was enacted in an effort to reduce or prevent commercial motor vehicle accidents, fatalities, and injuries by disqualifying commercial drivers who have committed certain serious traffic violations or other specified offenses. Id. With that purpose in mind, we review Section § 1611(a)(1) of the Act, which directs

(a) **Disqualification for first violation of certain offenses.**—Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of:

(1) section 3802 (relating to driving under influence of alcohol or controlled substance) or former section 3731, where the person was a commercial driver at the time the violation occurred[.]

75 Pa.C.S. § 1611(a)(1). Section 102 of the Vehicle Code, 75 Pa.C.S. § 102, defines a

"commercial driver" as one who either drives a commercial motor vehicle, or, is a CDL holder as defined in Section 1603 of the Act. Section 1603 of the Act, 75 Pa. C.S. § 1603, defines a CDL holder as a person who has been issued a commercial driver's license or a commercial driver learner's permit. 75 Pa.C.S. § 1603. Section 1603 of the Act, defines "conviction" as including the acceptance of Accelerated Rehabilitative Disposition or other pread-judication disposition for an offense. 75 Pa.C.S. § 1603. Based on the foregoing definitions, it is clear that Section 1611(a)(1), 75 Pa.C.S. § 1611(a)(1), mandates that the Department shall disqualify any person from operating a commercial motor vehicle if that person has been convicted of a DUI or drug offense under Section 3802 of the Vehicle Code, 75 Pa. C.S. § 3802.

There is additional support for this conclusion in a review of the statute. Prior to the 2005 amendment, the statute was directed only to CDL holders. Pre-amendment Section 1611(a)(1) stated that a CDL holder was subject to disqualification for a first violation of Section 3802 of the Vehicle Code or former section 3731 of the Vehicle Code, where the violation occurred while the person was operating a commercial motor vehicle or school vehicle. In amending the statute in 2005, the General Assembly directed that all persons shall be disqualified from driving a commercial motor vehicle or a school vehicle if that person is convicted of a DUI offense and is a commercial driver, i.e., one who either drives a commercial vehicle or is a CDL holder, when the violation occurs.

Likewise, Section 1611(e) of the Act, mandates disqualification from driving a commercial motor vehicle for controlled substance offenses that occur when the person is a CDL holder, or, when using a commercial motor vehicle during the commission of a felony. Specifically, Section 1611(e) of the Act directs

> **(e) Disqualification for controlled substance offenses.**—The department shall disqualify any person from driving a commercial motor vehicle for life who is convicted of using a motor vehicle in the commission of any felony involving the manufacture, distribution or dispensing of a controlled substance or possession with intent to manufacture, distribute or dispense a controlled substance where either:
>
> > (1) the person was a commercial driver's license holder at the time of the commission of the felony; or
> >
> > (2) the motor vehicle used in the commission of the felony was a commercial motor vehicle.
>
> There shall be no exceptions or reductions to this disqualification for life.

75 Pa.C.S. § 1611(e). There is no conflict between Sections 1611(a)(1) and (e); further, there is no ambiguity in Section 1611(a)(1).

■ The Act, which had been amended just prior to Wagner's DUI arrest, directs that a commercial driver, which is defined to include a CDL holder, is disqualified for one year for a violation of 75 Pa.C.S. § 3802(a). Wagner, a CDL holder, was charged with a violation of 75 Pa.C.S. § 3802(a) which is a DUI offense. Upon acceptance into the ARD program as a result of the DUI offense, in addition to the penalties set forth in the Vehicle Code, he became subject to the provisions in the Act. The Department properly notified Wagner that he was disqualified from holding a CDL. To conclude differently would cause an absurd result, that is, Wagner would be unable to operate his personal vehicle due to his driver's license suspension, but he would be able to operate a commercial vehicle.

We reverse the order of the Court of Common Pleas of Butler County, and direct the Department to reinstate the one-year disqualification of Wagner to operate commercial motor vehicles.

Judge FRIEDMAN concurs in the result only.

### ORDER

AND NOW, this 9th day of August, 2007, the order of Court of Common Pleas of Butler County in the above captioned matter is hereby REVERSED; the Department of Transportation is directed to REINSTATE the one-year disqualification of Paul A. Wagner to operate commercial motor vehicles.