**James SONDERGAARD**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2012.

Decided Feb. 7, 2013.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

Wieslaw T. Niemoczynski, Stroudsburg, for appellee.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Bureau) appeals from the Monroe County Court of Common Pleas (Trial Court) January 13, 2012 order sustaining the appeal of James Sondergaard (Appellee) and setting aside the Bureau's August 17, 2011 decision disqualifying Appellee for life from driving a commercial vehicle pursuant to Section 1611(c) of the Uniform Commercial Driver's License Act (Commercial Drivers Act). 75 Pa.C.S. § 1611(c). For the reasons that follow, we reverse the Trial Court.

Appellee has held a commercial driver's license (CDL) since March 24, 2000. On August 17, 2011, the Bureau notified Appellee that his first conviction for driving under the influence (DUI) of alcohol mandated that Appellee be disqualified as a commercial driver for one year and that his second conviction required that he be disqualified from operating a commercial vehicle for life.[1] Appellee filed a timely

---

1. Appellee's first conviction, on December 23, 2010, was for violating 75 Pa.C.S. § 3802(a)(2) on March 12, 2010, and his second conviction, on December 21, 2010, was

appeal of the lifetime disqualification with the Trial Court, arguing that for the lifetime disqualification to be applicable, the disqualification statute required that he be operating a commercial vehicle at the time of his DUI offenses. The Trial Court agreed.

Examining the language of the statute, the Trial Court found that the usage of the language *"where the person was a commercial driver at the time the violation occurred,"* 75 Pa.C.S. § 1611(a), was ambiguous and could be interpreted to mean either where the offender held a CDL at the time of the offense or where the offense happened when the driver was operating a commercial vehicle. The Trial Court concluded that because the statute required that the offender be disqualified from operating a commercial vehicle for life, the statute was penal in nature. The Trial Court reasoned that, in accord with the rule of lenity, the penal nature of the statute required that the ambiguous language be construed in Appellee's favor. As a result, the Trial Court concluded that because Appellee had been operating a non-commercial vehicle at the time of his offenses, his actions did not trigger the lifetime CDL disqualification. The Trial Court entered an order setting aside the Bureau's order disqualifying Appellee for

for violating (a)(1) of the same provision on August 23, 2010. The Vehicle Code subsection (a) of section 3802 "Driving under influence of alcohol or controlled substance" states:

    (a) General impairment.—
        (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.
        (2)An individual may not drive, operate or be in actual physical control of the

life from holding a CDL, which the Bureau appealed to this Court.

On appeal, the Bureau raises a pure question of law, contending that the Trial Court erred in interpreting Section 1611(c) of the Commercial Drivers Act.[2]

Section 1611(c) provides:

**(c) Two violations of certain offenses.**—Except as set forth in subsection (c.1), the department shall *disqualify for life any person convicted of two or more violations of any of the offenses specified in subsection (a),* or the subject of two or more reports of test refusal as specified in section 1613, or any combination of those offenses and/or refusals, arising from two or more separate and distinct incidents. Only offenses committed after the effective date of this chapter may be considered in applying this subsection.

75 Pa.C.S. § 1611(c) (underline added). Subsection (a) in turn provides that:

**(a) First violation of certain offenses.**—Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of:

movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1)-(2).

**2.** Our review over a pure question of law is *de novo* and our scope of review is plenary. *Whalen v. Department of Transportation, Bureau of Driver Licensing,* 613 Pa. 64, 32 A.3d 677, 679 (2011).

(1) *section 3802* (relating to driving under influence of alcohol or controlled substance) or former section 3731, *where the person was a commercial driver at the time the violation occurred;* . . . .

75 Pa.C.S. § 1611(a)(1) (underline added).

The Bureau interprets Section 1611(a) to apply to a CDL holder who violates Section 3802 regardless of whether the offense occurred while the CDL holder was operating a personal or commercial vehicle. The Bureau contends that the law is not penal, that the language of the statute is unambiguous, and that the Trial Court erred in applying the rule of lenity.

The Bureau first argues that Section 1611(c) of the Commercial Drivers Act is a remedial law. In *Wagner v. Department of Transportation, Bureau of Driver Licensing,* 931 A.2d 104, 106 (Pa.Cmwlth. 2007), this Court examined the purpose and construction of the Commercial Drivers Act and concluded that, as stated by the General Assembly, it was a remedial law enacted "in an effort to reduce or prevent commercial motor vehicle accidents, fatalities, and injuries by disqualifying commercial drivers who have committed certain serious traffic violations or other specified offenses." Appellee argues that *Wagner* is distinguishable, because in *Wagner* this Court examined the statute in the context of a one year disqualification, not the lifetime disqualification at issue here, which is penal in nature.

▮ We agree with Appellee that in the context of a lifetime disqualification, the effect of Section 1611(c) of the Commercial Drivers Act is penal. In general, operating a motor vehicle is a privilege, not a right. *Alexander v. Department of Transportation,* 583 Pa. 592, 607, 880 A.2d 552, 561 (2005). Yet, Section 1611(c) does not have any effect upon this privilege; CDL holders disqualified for life under Section 1611(c) do not lose the privilege to operate a motor vehicle; instead, these CDL holders lose the right to practice their chosen profession. *See Johnson v. Allegheny Intermediate Unit,* 59 A.3d 10, 20–21 (Pa. Cmwlth.2012) (*en banc* ) (after a license to practice a particular profession has been acquired, the licensed professional has a protected property interest in the practice of that profession). The severity of this sanction transforms what is a remedial law in the context of a one year disqualification, into a penal law.[3]

▮ Appellee contends that because the law is penal, this Court should apply the rule of lenity. The rule of lenity provides that where a statute is penal and the language of the statute is ambiguous, the statute must be construed in favor of the defendant, here Appellee, and against the government. Underpinning the rule of lenity is the fundamental principle of fairness that gives validity to our laws and requires a "clear and unequivocal warning in language that people generally would understand as to what actions would expose them to liability for penalties and what the penalties would be." *Commonwealth v. Reaser,* 851 A.2d 144, 149 (Pa.Super.2004) (*quoting Commonwealth v. Cluck,* 252 Pa.Super. 228, 381 A.2d 472, 477 (1977)). The rule of lenity, though it has its origins in common law, is consistent with Pennsylvania's rules of statutory construction, which require that provisions of a penal statute, whether that statute be

---

**3.** It is of note that the federal counterpart to Pennsylvania's lifetime disqualification statute allows for a CDL holder to be reinstated after ten years, if the CDL holder has voluntarily entered and successfully completed an approved rehabilitation program. *See* 49 C.F.R. § 383.51(6) (2012).

civil or criminal, must be construed narrowly. *See* 1 Pa.C.S. § 1928(b) ("All provisions of a statute of the classes hereafter enumerated shall be strictly construed: (1) penal provisions . . .").

The Bureau asserts that the rule of lenity does not apply here, because the language in Section 1611(a) is not ambiguous in that it is neither vague nor conveys two or more reasonable meanings. The Bureau contends that the statute very clearly provides that two or more violations of any of the offenses specified in Section 1611(a) disqualifies a person for life from operating a commercial vehicle, with the only qualification being that the violations arise from distinct incidents. Appellee argues that the statute is ambiguous, because the language in Section 1611(a)(1), *"where the person was a commercial driver at the time the violation occurred,"* could mean either that one held a CDL at the time the violation occurred or that one was operating a commercial vehicle at the time of the violation.

■■■ The Commercial Drivers Act makes clear that where it "is silent, the general driver licensing provisions apply." 75 Pa.C.S. § 1602(b). The Commercial Drivers Act does not define "commercial driver." The term "commercial driver" is instead defined in the General Provisions of the Vehicle Code as "a person who is either a commercial driver license holder as defined in section 1603[⁴] (relating to definitions) or who is driving a commercial vehicle." 75 Pa.C.S. § 102. It therefore follows that the language in Section 1611(a)(1) *"where the person was a commercial driver at the time the violation occurred,"* can only mean that the disqualification provision applies to both a person who held a CDL at the time of the disqual-

ifying offenses and a person who was operating a commercial vehicle at the time of the offense. 75 Pa.C.S. § 1611(a)(1).

Moreover, when a statute's language is not explicit, the rules of statutory construction codified in Pennsylvania law require that the analysis cannot end with a conclusion that the language is ambiguous, but instead must first attempt to ascertain the intent of the General Assembly through consideration of other factors, including: (1) the occasion and necessity for the statute, (2) the circumstances under which it was enacted, (3) the mischief to be remedied, (4) the object to be attained, (5) the former law, if any, including other statutes upon the same or similar subjects, (6) the consequences of a particular interpretation, (7) the contemporaneous legislative history, and (8) legislative and administrative interpretations of such statute. *See* 1 Pa.C.S. § 1921(a)-(c); *see also Whalen v. Department of Transportation, Bureau of Driver Licensing*, 613 Pa. 64, 32 A.3d 677, 679 (2011) (analyzing whether acceptance of an Accelerated Rehabilitation Disposition falls within the meaning of a DUI "violation" as that term is used in the ignition interlock statute, 75 Pa.C.S. § 3805, contained within the Vehicle Code.)

Here, even if the language had not been explicit, the necessary consideration of other factors makes clear that the General Assembly intended the lifetime disqualification to apply to CDL holders who have committed the disqualifying offenses, regardless of whether the motor vehicle operated at the time of the offenses was commercial or personal.

For example, in 2005 the General Assembly amended Section 1611(a), deleting

---

**4.** " 'Commercial driver's license holder' or 'CDL holder.' A person who has been issued a commercial driver's license or a commer-

cial driver learner's permit." 75 Pa.C.S. § 1603.

language that limited the reach of the statute to include only violations that "occurred while the person was operating a commercial motor or school vehicle," *former* 75 Pa.C.S. § 1611(a)(1), and adding language that broadened the reach of the statute to include situations where the "person was a commercial driver at the time the violation occurred," *current* 75 Pa.C.S. § 1611(a)(1). *See* Act of July 5, 2005, P.L. 100, No. 37 § 6 (Act 2005–37). This amendment brought Section 1611(a)(1) into compliance with the federal Motor Carrier Safety Improvement Act[5] (MCSIA) and its implementing regulations, thereby ensuring, in part, Pennsylvania's continued receipt of federal highway funds. *See* 49 U.S.C. § 31310; 49 C.F.R. § 384.401(2002); *see also* 49 C.F.R. § 384.401(2007) (consequences of state noncompliance include withholding of five percent of federal-aid highway funds for the first year and ten percent for the second and any subsequent years of noncompliance.) Consequently to conclude that Appellee's interpretation of the statutory language is correct, would not only require the conclusion that the statutory language is ambiguous, which it is not, it would also require the conclusion that the General Assembly took the obscure route of rejecting federal highway funds by amending statutory language to achieve facial compliance, all the while harboring the secret intent to buck the coercive federal mandate by maintaining the actual meaning of the former statute. This is a conclusion we cannot reach.

To apply the rule of lenity, it is not enough that a statute is penal it must be ambiguous as well. Here, the statutory language is explicit; under Section 1611(c), the Bureau shall disqualify for life any person convicted of two or more violations of any of the offenses specified in Section 1611(a), regardless of whether the offenses occurred while the CDL holder was operating a personal or commercial vehicle. The January 13, 2012 order of the Trial Court sustaining the appeal of Appellee and setting aside the Bureau's August 17, 2011 order is reversed.

### ORDER

AND NOW, this 7th day of February, 2013, the January 13, 2012 order of the Monroe County Court of Common Pleas in the above-captioned matter is REVERSED.

---

**5.** Act of 1999, P.L. 106–159, 133 Stat. 1748, 49 U.S.C. §§ 101, *et seq.*