IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Melvin Chappell,                        :
                    Appellant           :
                                        :
            v.                          :
                                        :
Commonwealth of Pennsylvania,           :
Department of Transportation,           :   No. 431 C.D. 2022
Bureau of Driver Licensing              :   Argued: June 7, 2023


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: October 18, 2023


         Melvin Chappell (Chappell) appeals from the April 8, 2022, order of the
Court of Common Pleas of Philadelphia County (trial court), which denied and
dismissed Chappell's appeal from a July 5, 2019, determination of the
Commonwealth of Pennsylvania, Department of Transportation's Bureau of Driver
Licensing (Department). The Department imposed a lifetime disqualification on
Chappell's commercial driver's license (CDL) privileges due to his second
conviction of driving under the influence of alcohol (DUI), pursuant to the Uniform
Commercial Driver's License Act (CDL Act), 75 Pa.C.S. §§ 1601-1622. Upon

review, we remand to the trial court for a new decision in accordance with this opinion within 60 days.

## I. Factual & Procedural Background

The underlying facts of this case are not in dispute. Chappell, who is currently 53 years old, received a CDL in 1993. Reproduced Record (R.R.) at 21a. On December 23, 2007, Chappell was arrested and charged with a DUI offense pursuant to Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1) ("General impairment").[1] *Id*. at 24a. In January 2010, Chappell accepted a referral to an accelerated rehabilitative disposition (ARD) program[2] and submitted to a one-year suspension of his CDL privileges. *Id*. at 15a & 25a. Since a 2005 change in the law, acceptance of ARD for a DUI charge falls within the definition of a "conviction" for purposes of the CDL Act.[3] *See* 75 Pa.C.S. § 1603 ("Definitions"). Therefore, Chappell's 2010 acceptance of ARD for his 2007 DUI counted as a first conviction toward potential future disqualification of his CDL privileges, and he has not argued

---

[1] Section 3802(a)(1) of the Vehicle Code states: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1).

[2] ARD "is a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." *Commonwealth v. Lutz*, 495 A.2d 928, 931 (Pa. 1985). The impetus behind ARD is the belief "that some cases which are relatively minor or which involve social or behavioral problems . . . can best be solved by programs and treatments rather than by punishment." *Id*.

[3] *See* Act of July 5, 2005, P.L. 100, No. 37, § 6 (Act 2005-37).

2

otherwise.[4]  R.R. at 35a (Chappell's counsel conceded at the initial hearing on this matter that "under the law as it exists, it should be a lifetime disqualification.").

On April 30, 2018, Chappell was again arrested for DUI. He was charged with and ultimately convicted of a DUI offense under Section 3802(b) of the Vehicle Code, 75 Pa.C.S. § 3802(b) ("High rate of alcohol").[5]  R.R. at 12a-13a & 25a. On July 5, 2019, the Department notified Chappell that, pursuant to Section 1611(c) of the CDL Act, his CDL privileges would be disqualified for life because the 2018 DUI was his second conviction. R.R. at 10a; 75 Pa.C.S. § 1611(c) ("Two violations of certain offenses").[6]  Chappell appealed to the trial court. R.R. at 29a-30a.

The trial court held a hearing on February 14, 2020. Chappell testified that the April 2018 DUI arrest arose when he encountered a sobriety checkpoint while driving his personal vehicle on Interstate 95 in Delaware County. R.R. at 36a. He submitted to testing at the scene and had a blood alcohol level of 0.10. *Id*. He

---

[4] Chappell also has a previous DUI adjudication from October 1994 that resulted in a one-month suspension of his driving privileges after he participated in an ARD program. R.R. at 24a. However, that offense occurred before the 2005 change in the law and was not a first conviction for purposes of Section 1611(c).

[5] Section 3802(b) of the Vehicle Code provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b).

[6] Section 1611(c) of the CDL Act states, in relevant part, that "the [D]epartment shall disqualify for life any person convicted of two or more violations of any of the offenses specified in subsection (a) [including Section 3802(a) and (b)] . . . ." 75 Pa.C.S. § 1611(c).

3

ultimately pleaded guilty and was sentenced to one week in jail followed by six months of probation. *Id.*

Chappell stated that he was fired from his CDL driving job where he earned about $30 per hour and has not been able to find another job paying that amount. R.R. at 36a-37a. He has a home mortgage, a wife, and two children, one of whom is in college. *Id*. at 37a. After Chappell lost his job, his wife had to return to work and was unable to properly recuperate from a recent back surgery. *Id.*

At the hearing, Chappell's counsel acknowledged that under Section 1611(c) of the CDL Act as written, Chappell's 2018 DUI subjected him to lifetime disqualification of his CDL privileges. R.R. at 35a. However, Chappell's counsel argued that lifetime disqualification amounted to cruel and unusual punishment under the Eighth Amendment to the United States Constitution, U.S. CONST. amend. VIII,[7] because it was penal in nature and "extreme" in comparison to the actual offense. *Id.*

On April 8, 2022,[8] the trial court issued an order denying Chappell's appeal from the Department's disqualification of his CDL privileges. R.R. at 6a. Chappell appealed to this Court and filed a statement of errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b); the statement raised Chappell's constitutional claim and also asserted that mitigating evidence of hardship should have been considered by the trial court. Original Record (O.R.) at 126-27.[9]

---

[7] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

[8] Due to the COVID-19 pandemic, which began shortly after that hearing, the matter was repeatedly deferred until a March 28, 2022 proceeding. R.R. at 39a.

[9] References to the Original Record are based on electronic pagination.

On May 13, 2022, the trial court issued its opinion. O.R. at 129-35. The trial court confirmed that, pursuant to Section 1611(c) of the CDL Act, Chappell's two DUI convictions subjected him to mandatory lifetime disqualification of his CDL privileges. *Id*. at 132-33. Regarding Chappell's constitutional claim, the court stated that he had "fail[ed] to state how the lifetime disqualification is unconstitutional in the instant case and the [t]rial [c]ourt is not required to speculate as to [his] position. With that in mind, the assertion that [Section 1611(c)] was unconstitutional and against the law is without merit and is not supported by the record or the law." *Id*. at 133-34. Finally, the trial court explained that, pursuant to Section 1611(d) of the CDL Act, 75 Pa.C.S. § 1611(d), the Department "may" issue regulations to allow for mitigation of lifetime disqualification to a 10-year period but had not done so. *Id*. at 134. Therefore, the trial court upheld the Department's lifetime disqualification of Chappell's CDL privileges. *Id*. at 134. Chappell's appeal to this Court followed.[10]

## II. Discussion

The purpose of the CDL Act is, *inter alia*, to "reduce or prevent commercial motor vehicle accidents, fatalities and injuries by . . . [d]isqualifying commercial drivers who have committed certain serious traffic violations or other specified offenses." 75 Pa.C.S. § 1602(a)(2). Pursuant to Section 1603 of the CDL Act, a "conviction . . . *shall include the acceptance of* [ARD] or other preadjudication disposition for an offense . . . ." 75 Pa.C.S. § 1603 (emphasis added). Section 1611(c) of the CDL Act states, in pertinent part: "[T]he [D]*epartment shall disqualify for life*

---

[10] Our review of a trial court's decision in a license suspension case is limited to determining whether the court's findings of fact are supported by substantial evidence and whether the court committed an error of law or an abuse of discretion in reaching its decision. *Orloff v. Dep't of Transp., Bureau of Driver Licensing*, 912 A.2d 918, 922 n.7 (Pa. Cmwlth. 2006).

5

*any person convicted of two or more violations* of any of the offenses specified in subsection (a) . . . ." 75 Pa.C.S. § 1611(c) (emphasis added).  Relevant to this appeal, Subsection (a) references Section 3802 of the Vehicle Code, which includes the provisions governing Chappell's 2007 and 2018 DUIs, *i.e.*, "general impairment" and "high rate of alcohol."  75 Pa.C.S. § 3802(a) & (b).

Chappell concedes that due to his two DUI convictions, the plain language of Section 1611(c) required the Department to impose a lifetime disqualification of his CDL privileges.  However, he asserts that lifetime disqualification is grossly disproportionate to the offenses he committed and violates the bar on cruel and unusual punishment embodied in the Eighth Amendment to the United States Constitution, U.S. CONST. amend. VIII.

It is axiomatic that, to constitute cruel and unusual punishment, a sanction must be penal in nature.  In *Sondergaard v. Department of Transportation, Bureau of Driver Licensing*, 65 A.3d 994 (Pa. Cmwlth. 2013), Sondergaard, a CDL holder subject to lifetime disqualification under Section 1611(c), asserted that the statute was penal in nature and ambiguous because it did not distinguish between offenses committed while driving commercial vehicles and those committed in personal vehicles.  *Id.* at 997.  Sondergaard argued that the rule of lenity should apply and that his punishment should be limited to a one-year suspension.  *Id.*  We ultimately found the statute unambiguous and applicable regardless of whether the offenses occurred while driving a commercial or a personal vehicle.  *Id.* at 998-99.  However, we agreed with Sondergaard that Section 1611(c) is penal in nature:

> In general, operating a motor vehicle is a privilege, not a right.  Yet, Section 1611(c) does not have any effect upon this privilege; CDL holders disqualified for life under Section 1611(c) do not lose the privilege to operate a motor vehicle; instead, these CDL holders lose the right to

6

practice their chosen profession. The severity of this sanction transforms what is a remedial law in the context of a one year disqualification, into a penal law.

*Id*. at 997. We likewise agree with Chappell that a lifetime suspension of his CDL privilege is penal in nature.

In *Solem v. Helm*, 463 U.S. 277 (1983), the United States Supreme Court reaffirmed that punishment grossly disproportionate to the offense violates the United States Constitution and is therefore barred.[11] *Id*. at 286-89. The Court provided "objective factors" for courts to address when considering a proportionality challenge: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id*. at 292. Consideration of the first factor is mandatory: "First, we look to the gravity of the offense . . . [;] a court must consider the severity of the penalty in deciding whether it is disproportionate." *Id*. at 291 (citations omitted). "[A] reviewing court is not obligated to reach the second and third prongs of the test unless a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Commonwealth v. Baker*, 78 A.3d 1044, 1047 (Pa. 2013). Depending on the context, the court may also consider the impact of the punishment on the defendant's livelihood, "the regularity of the defendant's criminal conduct, and any actual harm arising from the offense other than a generalized harm

---

[11] "This prohibition applies to both the federal government and, via the United States Constitution's Fourteenth Amendment guarantee of due process, to state governments." *Shoul v. Dep't of Transp., Bureau of Driver Licensing*, 173 A.3d 669, 682 n.12 (Pa. 2017) (citing cases). Pennsylvania's Constitution similarly provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." PA. CONST. art. I, § 13. The two provisions are considered coextensive. *Shoul*, 173 A.3d at 682 n.13 (citing PA. CONST. art. I, § 13).

to society." *Commonwealth v. 1997 Chevrolet & Contents Seized from Young*, 160 A.3d 153, 192 (Pa. 2017) (quotation marks omitted).

In *Shoul v. Department of Transportation, Bureau of Driver Licensing*, 173 A.3d 669 (Pa. 2017), Shoul was convicted of drug trafficking offenses and was subject to disqualification under Section 1611(e) of the CDL Act ("Disqualification for controlled substances offenses") rather than Section 1611(c), under which Chappell has been disqualified here. *Id.* at 674. Just as this Court found Section 1611(c) punitive in *Sondergaard*, our Supreme Court found Section 1611(e) punitive in *Shoul*. *Id.* at 684-85. However, the Court could not apply the *Solem* factors because the record there lacked any evidence of the facts of Shoul's offense or the impact on him from the lifetime disqualification of his CDL. Moreover, the trial court in *Shoul* had not conducted a "meaningful analysis" of the issue, including application of the various factors derived from *Solem*. *Id.* at 687. Due to the insufficiently developed record and lack of decisional foundation, our Supreme Court remanded the matter to the trial court with instructions to conduct further proceedings and a proportionality analysis of the relevant factors.[12] *Id.*

Here, Chappell testified before the trial court and explained the circumstances of the April 2018 DUI charge to which he pleaded guilty. R.R. at 36a. He also testified that he had lost his job, had been unable to find another at a similar pay level, and was unable to pay his mortgage and support his family. *Id.* at 36a-37a. Citing *Sondergaard* and *Shoul*, Chappell asserts that the lifetime disqualification imposed on him pursuant to Section 1611(c) of the CDL Act is clearly punitive and

---

[12] The *Shoul* Court noted, however, that given the necessity of deference to legislative determinations of punishments for offenses, which entail a strong presumption of constitutionality, proportionality challenges face an uphill battle. 173 A.3d at 686-87 (quoting *Graham v. Florida*, 560 U.S. 48, 59-60 (2010)).

that the Eighth Amendment implications of that specific provision have not yet been addressed by our courts. Chappell's Br. at 9-10. Chappell asks that his punishment be reduced to a one-year suspension, which he asserts is "more appropriate for this offense" given the circumstances at issue here. *Id*. at 10.

The Department agrees with the general framework of the *Solem* analysis, including application of the factors in the expanded manner set forth in *Shoul*, but responds that lifetime disqualification pursuant to Section 1611(c) of the CDL Act is not a grossly disproportionate punishment for Chappell's second DUI conviction. Dep't's Br. at 7-29. Concerning the nature and gravity of the offense, the Department notes that Section 1611 does not exist in a vacuum; it implements federal law intended to improve road safety by "[d]isqualifying commercial drivers who have committed certain serious traffic violations or other specified offenses." *Id*. at 16-22 (quoting 75 Pa.C.S. § 1602(a)(2)). The Department explains that commercial drivers operate large vehicles like trucks and buses, which can be more dangerous than personal vehicles, and therefore, these drivers are held to a higher standard. *Id*. at 16-22 (citing the federal Commercial Motor Vehicle Safety Act of 1986, 49 U.S.C. § 2701, 67 Fed. Reg. §§ 49742-49745, and quoting 75 Pa.C.S. § 1602(a)(2)). The Department notes that federal regulations recommend lifetime disqualification for a second DUI conviction and that failure to substantially comply with the federal law could result in a state losing its federal highway funding. *Id*. at 18-19 (citing 49 C.F.R. § 383.51, Table 1). The Department asserts that in light of this clear federal mandate and the unquestionable dangers of drunk driving in the context of large commercial vehicles, the nature and gravity of Chappell's second DUI conviction support lifetime CDL disqualification. Dep't's Br. at 24-25. Acknowledging the seriousness of lifetime disqualification and Chappell's testimony

9

in support of mitigation, the Department nevertheless notes that "the right to practice a profession is not absolute" and that lifetime disqualification of a CDL holder "who has demonstrated his disregard for the safety of others by continuing to drive while impaired is not so harsh a civil penalty as to constitute cruel and unusual punishment." Dep't's Br. at 25. Regarding actual harm, the Department acknowledges that Chappell has not yet caused any harm, but avers that the point of the statute's penalty scheme is prevention and deterrence and that in the absence of lifetime disqualification, Chappell's potential for causing future harm is high. *Id*. at 26.

The Department adds that the comparative factors discussed in *Solem* and *Shoul* also favor lifetime disqualification because every other CDL holder in Pennsylvania who has been convicted of at least two DUIs has been disqualified for life, and all other states and the District of Columbia impose lifetime disqualification on any CDL holder convicted of a second DUI offense. Dep't's Br. at 26-27. The Department adds that the requisite deference to the legislature's choice in imposing this penalty also favors upholding Chappell's lifetime CDL disqualification.[13] *Id*. at 27-28.

---

[13] The Department points out, however, that 24 states and the District of Columbia have mitigation factors in place to reduce the penalty to 10 years and notes that it is currently assisting in drafting legislation to amend Section 1611 to do so in Pennsylvania as well. Dep't's Br. at 26-27. The trial court dismissed Chappell's claim that mitigating factors should have been considered in his case. O.R. at 134. The trial court pointed out that Section 1611(d) of the CDL Act, 75 Pa.C.S. § 1611(d), states that the Department "may" issue regulations setting forth guidelines and conditions under which a lifetime CDL disqualification may be reduced to 10 years, but that the Department had not yet done so. *Id*. We note, however, that at this time, the legislation referred to by the Department is pending in the General Assembly and its enactment appears likely. *See* House Bill 1092 of 2023 (third consideration and successful final passage by Pennsylvania House of Representatives in a 155-48 vote taken on June 13, 2023). Notwithstanding the outcome of Chappell's Eighth Amendment challenge, and acknowledging that 10 years may be too late for him given his age, if the legislation is enacted, he may have this option as well.

10

The trial court acknowledged Chappell's Eighth Amendment arguments, but stated that "[Chappell] fails to state how the lifetime disqualification is unconstitutional in the instant case and the [t]rial [c]ourt is not required to speculate as to [his] position." O.R. at 133. Thus, the trial court apparently perceived a deficiency in Chappell's evidentiary presentation or legal argument. The trial court therefore dismissed Chappell's constitutional claim.

However, Chappell's counsel set forth the parameters of the argument at the February 2020 hearing, citing the proportionality principles and the relevant case law, and Chappell testified concerning the impact of the punishment on his livelihood and ability to support his family, which the trial court acknowledged in its decision. R.R. at 35a-37a; O.R. at 130. The trial court noted in its decision that Chappell had testified and that his counsel had conceded that under the statute as written, he was subject to lifetime disqualification of his CDL privileges. O.R. at 133.

The trial court judge stated at the March 2022 hearing that she had read the parties' briefs and would review the transcript from the February 2020 hearing. R.R. at 45a. Based on this record, it does not appear that Chappell failed to assert his Eighth Amendment claim with sufficient specificity before the trial court. It is therefore unclear why the trial court believed that it would have to speculate as to the nature and substance of Chappell's claim. Like our Supreme Court in *Shoul*, this Court is without "meaningful analysis of the issue" by the trial court in this case, including application and weighing of the various factors set forth in *Solem* and *Shoul*. 173 A.3d at 687. Like the *Shoul* Court, we are therefore unable to conduct appropriate appellate review of whether Section 1611(c) of the CDL Act's sanction

11

of lifetime CDL disqualification is grossly disproportionate to Chappell's second DUI conviction.

## III. Conclusion

In light of the foregoing discussion, and consistent with the course taken by our Supreme Court in *Shoul*, we remand this matter to the trial court for a new decision within 60 days. *Id.*

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Melvin Chappell, | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | No. 431 C.D. 2022 |
| Bureau of Driver Licensing | : | |

O R D E R

AND NOW, this 18th day of October, 2023, the April 8, 2022, order of the Court of Common Pleas of Philadelphia County (trial court) is REMANDED to the trial court for a new decision in accordance with this opinion within 60 days of the date of this order.

Jurisdiction is retained.

_____
CHRISTINE FIZZANO CANNON, Judge