629 A.2d 1063

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant,**

v.

**Stephen J. SHEMER, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 4, 1993.

Decided July 29, 1993.

Timothy P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellant.

Barnaby C. Wittels, for appellee.

Before CRAIG, President Judge, PALLADINO, Judge, and KELTON, Senior Judge.

CRAIG, President Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, appeals from an order of the Court of Common Pleas of Philadelphia County which sustained the appeal of Stephen J. Shemer from a one-year suspension of his operating privileges imposed under section 1547 of The Vehicle Code, 75 Pa.C.S. § 1547 as a result of his refusal to submit to chemical testing for alcohol consumption.

The history of this case is as follows. On May 20, 1991, the department mailed a notice to the licensee informing him that his operating privileges would be suspended for one year effective June 24, 1991, for his refusal to submit to alcohol testing on April 16, 1991. The licensee appealed to the Court of Common Pleas of Philadelphia County on June 20, 1991. After a de novo hearing, the trial court sustained the licensee's appeal, finding that the police did not adequately inform him that his right to counsel did not apply to his decision to submit to chemical testing.

The department filed a notice of appeal to this court on October 21, 1991. On appeal, the department raised the issue of whether the trial court had jurisdiction over the license suspension because the licensee did not file his trial court appeal within thirty days from the issuance of the department's suspension notice. Additionally, the department argued that the warnings administered by the police were legally sufficient to advise the licensee of his rights.

■ Although the department did not raise the issue of the timeliness of the licensee's appeal before the trial court, the timeliness of an appeal is a jurisdictional question which may be raised on appeal. *Lauchnor v. Department of Transportation, Bureau of Traffic Safety,* 51 Pa.Commonwealth Ct. 5, 414 A.2d 400 (1980). Thus, this court, in an order dated September 30, 1992, remanded the case to the common pleas court for findings on the issue of the timeliness of the licensee's appeal, 615 A.2d 1009.

Thereafter, the common pleas court conducted an evidentiary hearing on November 9, 1992. In a supplemental order dated December 29, 1992, the trial court determined that "a) Mr. Shemer's 'appeal' to common pleas was (one day) late, technically speaking; and, b) had the 'timeliness' issue been raised before me (in a timely manner), I would have granted Shemer leave to appeal nunc pro tunc." Thereafter, the trial court returned the record to this court for our review.

■ We agree with the trial court's initial finding that the licensee failed to file a timely notice of appeal from the department's notice of suspension. In accordance with section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), to vest the court of common pleas with jurisdiction to hear the merits of an appeal from a notice of suspension issued by the department, the licensee must file an appeal to the common pleas court within thirty days. *Department of Transportation, Bureau of Driver Licensing v. Gross,* 115 Pa.Commonwealth Ct. 384, 540 A.2d 343 (1988). The thirty-day appeal period is measured from the mailing date of the department's notice of suspension. *Department of Transportation, Bureau of Traffic Safety v. Long,* 34 Pa.Commonwealth Ct. 64, 383 A.2d 540 (1978). When a motorist files a statutory appeal petition outside the thirty-day appeal period, the appeal is untimely and the common pleas court lacks subject matter jurisdiction to entertain the merits. *Department of Transportation v. Shain,* 114 Pa.Commonwealth Ct. 360, 538 A.2d 994 (1988).

In this case, the department's notice of suspension, sent to the licensee, bears a mailing date of May 20, 1991. According

to the testimony taken at the evidentiary hearing, the licensee's counsel testified that a secretary from his firm went to the prothonotary for the Court of Common Pleas of Philadelphia County to file the licensee's appeal on June 19, 1991. However, the filing fee did not accompany the appeal petition. On the following day, June 20, 1991, the secretary tendered a check to the prothonotary, at which time the prothonotary time-stamped the licensee's appeal petition bearing the date June 20, 1991. Hence, the appeal was filed one day after the thirty-day appeal period.

■ According to Pa.R.C.P. No. 205.1 "[a]ny legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary, sheriff or other appropriate officer *accompanied by the filing fee* if any." (Emphasis added.) Additionally, section 1725(a) of the Judicial Code, 42 Pa.C.S. § 1725(a) requires the payment of filing fees to commence an action. That section provides:

(a) General rule.—The governing authority shall fix by general rule the filing fees for the *commencement* of any matter before any court or district justice.... (Emphasis added.)

Thus, in this case, the licensee did not commence his appeal until he paid the appropriate filing fee on June 20, 1991.

In *Southeastern Pennsylvania Transportation Authority v. DiAntonio*, 152 Pa.Commonwealth Ct. 237, 618 A.2d 1182 (1992), an injured bus passenger filed suit against the Southeastern Transportation Authority (SEPTA) on February 14, 1991, and served notice to SEPTA four days later. Because SEPTA did not answer the complaint, DiAntonio sent a notice of intention to take default judgment on April 11, 1991. SEPTA delivered an answer to the prothonotary on April 12, 1991. SEPTA filed a number of pleadings, along with its answer, at the same time, and, by a single check purported to pay for filing all of the pleadings.

The prothonotary time-stamped the answer. Later, the prothonotary discovered that the amount of the filing fee check did not cover all of the pleadings filed. Because of the

inadequate filing fee, the prothonotary, without explanation, rejected only the answer to DiAntonio's complaint, and did not enter the filing of the answer on the docket. Upon DiAntonio's filing of a praecipe, the prothonotary entered a default judgment. Thereafter, SEPTA received the undocketed answer from the prothonotary, with a note indicating that the answer was returned as not perfected because of an inadequate filing fee.

On appeal from the trial court's denial of SEPTA's motion to open the default judgment, this court addressed the issue of whether SEPTA properly filed its answer.

> Although the prothonotary was not required to accept the pleading until the proper fee was paid, the prothonotary accepted SEPTA's answer by time-stamping a copy. These actions constitute 'filing', which although not defined in the rules of civil procedure, commonly refers to the delivery of papers to the prothonotary for docketing.

> Consequently, SEPTA's answer is deemed filed on April 12, 1991, the day it was accepted by the prothonotary as indicated by the original time-stamp, and the answer should have been docketed.

*Id.* at 240–41, 618 A.2d at 1184.

In this case, the prothonotary did not "accept" the appeal until counsel for the licensee paid the filing fee on June 20, 1991, and not until then did the prothonotary time-stamp the appeal. By filing the appeal on the 31st day following the mailing date of the department's notice of suspension, the appeal petition was untimely and, as a result of that untimeliness, the common pleas court did not have subject matter jurisdiction over the appeal.[1] However, as previously stated, the trial court went on to say that "had the 'timeliness' issue been raised before me (in a timely manner), I would have granted Shemer leave to appeal nunc pro tunc."

---

1. Because this appeal to common pleas court was not governed by Pa.R.A.P. 902, the licensee here did not have the benefit of that rule's provision that the validity of an appeal to an appellate court is not affected by failure to take any step other than the filing itself.

Relief in the form of the grant of a nunc pro tunc appeal is only permitted where the party seeking to appeal can show fraud or breakdown in the court's or administrative tribunal's operation. *Department of Transportation, Bureau of Driver Licensing v. LeFever,* 111 Pa.Commonwealth Ct. 105, 533 A.2d 501 (1987). In this case, even if the licensee had properly requested leave to appeal the May 20, 1991 notice of suspension nunc pro tunc, the licensee has failed to establish sufficient grounds for an appeal nunc pro tunc.

Counsel for the licensee failed to provide the required filing fee to the prothonotary within the thirty day appeal period. Negligence on the part of counsel does not justify the grant of an appeal nunc pro tunc. *Tarlo v. University of Pittsburgh,* 66 Pa.Commonwealth Ct. 149, 443 A.2d 879 (1982).

In this case, because the licensee did not appeal within thirty days after the mailing date contained on the department's notice of suspension, the trial court did not have jurisdiction to entertain the appeal.

Accordingly, the decision of the Court of Common Pleas of Philadelphia County sustaining the licensee's appeal is vacated for lack of jurisdiction. The one-year operating privilege suspension imposed by the department is reinstated.

## ORDER

NOW, July 29, 1993, the order of the Court of Common Pleas of Philadelphia County, at No. 4097–1991, dated September 24, 1991, is vacated.

The one-year license suspension is reinstated.