**Donald Scott HENNING, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 1996.

Decided Dec. 23, 1996.

---

Donald Scott Henning, pro se, appellant.

Timothy P. Wile, Harrisburg, for appellee.

Before McGINLEY and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Donald Scott Henning, *pro se*, appeals a Butler County Common Pleas Court order denying his appeal from a six-month license suspension.

The Department of Transportation notified Henning on April 21, 1995 that, as a result of his conviction for fleeing a police officer, his license was to be suspended for six months. Henning mailed a notice of appeal of the Department's action to the Prothonotary of the Butler County Court of Common Pleas on May 13, 1995. According to the Court's opinion, however, the Prothonotary returned it to Henning because it did not include a *petition* for appeal. Henning thereafter re-filed his appeal on May 30, 1995. The Common Pleas Court, on November 29, 1995, after a hearing the day before, denied Henning's appeal. In the opinion supporting its order, the Court found that Henning's appeal was untimely and that therefore the Court was without jurisdiction to hear it.

On appeal to this Court, in addition to challenging the Court's ruling on the question of the timeliness of his appeal below, Henning alleges numerous errors of law and contends as well that the court abused its discretion in not appointing counsel to represent him in his appeal after it had granted him permission to proceed *in forma pauperis*. Having concluded that it was without jurisdiction, the Court did not address the merits of Henning's appeal. We now turn to Henning's contention that the trial court erred in concluding it was without jurisdiction.

■ Appeals from Department of Transportation decisions suspending drivers licenses are granted as of right by Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550. Jurisdiction of such appeals lies in the courts of common pleas as provided by Section 933 of the Judicial Code, 42 Pa.C.S. § 933, and an appeal must be made there within thirty days of the mailing of the Department's notice. 42 Pa.C.S. § 5571(b), 5572; *Kulick v. Department of Transportation, Bureau of Driver Licensing,* 666 A.2d 1148 (Pa.Cmwlth. 1995), *appeal denied,* 544 Pa. 616, 674 A.2d 1077. If a licensee fails to appeal from a license suspension within the statutorily mandated thirty-day appeal period, the trial court is without jurisdiction.

Here, Henning's notice of suspension was dated April 21, 1995 and he filed a notice of appeal on May 13, 1995, well within the thirty-day period. The prothonotary returned the notice because it lacked a petition for appeal and Henning did not re-file until May 30, 1995, eight days after the appeal period had expired.

■ While appeals from Department decisions suspending licenses are granted as of right by the Vehicle Code, the procedure for taking appeals is not provided for in that Code. Nor is the procedure for commencing such an appeal governed by the Pennsylvania Rules of Civil Procedure or the Pennsylvania Rules of Appellate Procedure. Moreover, our research has revealed no authority for the proposition that administrative agency appeals filed within the thirty-day period, though incorrect in form, are untimely if not corrected within that period. In fact, the only requisite to perfecting an appeal of which we are aware is that it be accompanied by the appropriate filing fee. Section 1725.1 of the Judicial Code, 42 Pa.C.S. § 1725.1

*Department of Transportation v. Shemer,* 157 Pa.Cmwlth. 380, 629 A.2d 1063 (1993). In the absence of a prescribed method to commence a statutory appeal, defects in the form of the filing should be amendable and ought not to affect its timeliness. Appeals, though incorrect in form, should be deemed filed as of the date originally submitted, so long as they are accompanied by a filing fee.

Accordingly, we conclude that the common pleas court erred as a matter of law in deciding it was without jurisdiction to hear Henning's appeal. We therefore reverse its decision and remand this case to that court to consider the merits of that appeal.

### ORDER

AND NOW, this 23rd day of December, 1996, the November 29, 1995 order of the Butler County Common Pleas Court at MSD No. 95–40183, is hereby reversed. This matter is remanded to said Court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.