Robert DIETRICH

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTA-TION, BUREAU OF DRIVER LI-CENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 4, 2013.

Decided Dec. 12, 2013.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from the January 15, 2013 order of the Court of Common Pleas of Berks County (trial court), which sustained the appeal of Robert Dietrich (Licensee) from a one year suspension of his operating privilege imposed by the Department pursuant to section 1532(a)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(a)(3), and reduced to a five-year disqualification the lifetime disqualification of his commercial driving privilege imposed by the Department pursuant to section 1611(c) of the Uniform Commercial Driver's License Act (UCDLA), 75 Pa.C.S. § 1611(c).[1] We reverse.

The material facts are not in dispute. Licensee has held a commercial driver's license since March 8, 2003. In October 29, 2006, Licensee was charged with driving under the influence (DUI) in violation of section 3802(a)(1) of the Vehicle Code,

75 Pa.C.S. § 3802(a)(1). On April 16, 2007, Licensee accepted Accelerated Rehabilitative Disposition (ARD) in accordance with section 3807 of the Vehicle Code, 75 Pa.C.S. § 3807. As a consequence of his acceptance into ARD, the trial court in the criminal proceeding imposed a 60–day suspension of Licensee's operating privilege pursuant to section 3807(d) of the Vehicle Code, 75 Pa.C.S. § 3807(d). Because Licensee was a commercial driver at the time he accepted ARD for the DUI violation, the Department imposed a one-year disqualification of Licensee's commercial driving privilege, effective April 16, 2007, in accordance with section 1611(a)(1) of the UCDLA, 75 Pa.C.S. § 1611(a)(1).

Licensee did not appeal the 60–day suspension of his operating privilege or the one-year disqualification of his commercial driving privilege. Licensee's operating privilege was restored on June 15, 2007, and his commercial driving privilege was restored on April 16, 2008.

On August 28, 2012, Licensee was convicted of violating section 3742(a) of the Vehicle Code[2] on January 7, 2012, and was sentenced to two years' probation. As a consequence of this conviction, by official notice dated September 28, 2012, the Department imposed a one-year suspension of Licensee's operating privilege, effective November 2, 2012, pursuant to section 1532(a)(3) of the Vehicle Code (requiring the Department to suspend the operating privilege of a driver for one year based on

---

1. Pursuant to this Court's order of September 30, 2013, Licensee was precluded from filing a brief due to his failure to timely file and serve his brief as directed by our August 6, 2013 order.

2. Section 3742(a) of the Vehicle Code (Accidents involving death or personal injury) states:

(a) General rule—The driver of any vehicle involved in an accident resulting in injury

or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid)....

75 Pa.C.S. § 3742(a).

the driver's conviction of certain enumerated offenses). Also as a consequence of this conviction, by official notice of the same date, the Department imposed a lifetime disqualification of Licensee's commercial driving privilege, effective November 2, 2012, pursuant to section 1611(c) of the UCDLA.

On November 2, 2012, Licensee filed an appeal from both the one-year suspension of his operating privilege and the lifetime disqualification of his commercial driving privilege. At a *de novo* hearing before the trial court on January 16, 2013, the Department first argued that Licensee's appeal was filed more than thirty days from the suspension and disqualification notices and was therefore untimely. Licensee's counsel (Counsel) stated that he sent the appeal to the Berks County Prothonotary on Friday, October 26, 2012, via Federal Express. Counsel added that he followed up, learned that the package had not been received by October 30th or had gone to the wrong party, and was advised by "Jesse" to re-send it. Counsel stated that he personally sent another Federal Express package the following morning, which was received on November 1st but not docketed until the next day. Counsel also submitted receipts, (Exhibits Nos. 1 and 2), to support his assertions.

The Department introduced into evidence a certified packet of documents which included a record of Licensee's convictions and the Department's notices. (Reproduced Record (R.R.) at 20a–44a.) Licensee asked the trial court to reduce the harsh penalty of a lifetime disqualification of his commercial driving privilege so that he could maintain his employment; the Department responded that the trial

court did not have discretion to modify the penalty set forth in the statute.

By order filed January 15, 2013, the trial court sustained Licensee's appeal from the one year suspension of his operating privilege and reduced the lifetime disqualification of his commercial driving privilege to a five-year suspension. The trial court first determined that Licensee was entitled to appeal *nunc pro tunc*, citing non-negligent circumstances, a breakdown in the legal system, the prompt response of Licensee's counsel, and the minimal prejudice to the Department. The trial court next stated that the case presented a special set of compelling facts, in particular, that Licensee's employer was willing to hold his position for him so long as he was not subject to a lifetime suspension of his commercial driving privilege. The trial court did not explain why it sustained Licensee's appeal from the one-year suspension of his operating privilege. However, the trial court stated that, where section 1611(d) of the UCDLA allows the Department discretion to reduce a licensee's lifetime disqualification of his commercial driving privilege to a ten-year suspension, the trial court should likewise be afforded discretion to modify the penalty imposed.

██ On appeal to this Court,[3] the Department first argues that the trial court erred in allowing Licensee to pursue his appeal *nunc pro tunc*. The Department concedes that Licensee offered adequate evidence to establish that he first filed an appeal on Thursday, October 25, 2012, albeit to the Clerk of Courts rather than the Prothonotary, and that the apparent failure of the Clerk of Courts to transmit the appeal to the Prothonotary might be considered a breakdown in the court's opera-

---

**3.** Our scope of review is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Piasecki v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1067, 1070 (Pa. Cmwlth.2010).

tions. However, the Department now maintains that Licensee's evidence fails to demonstrate that Licensee included payment of the filing fee with the original appeal package and instead reflects that Licensee did not send payment of the filing fee until November 1, 2012. Citing *Henning v. Department of Transportation, Bureau of Driver Licensing,* 687 A.2d 20, 21–22 (Pa.Cmwlth.1996) (the only requisite to perfecting an appeal is that it be accompanied by the appropriate filing fee) and *Department of Transportation, Bureau of Motor Vehicles v. Shemer,* 157 Pa.Cmwlth. 380, 629 A.2d 1063, 1065 (1993) (licensee did not commence his appeal until he paid the appropriate filing fee), the Department contends that because Licensee did not establish that he included payment of the filing fee with the original appeal package, he is not entitled to *nunc pro tunc* relief.[4]

In making this argument, the Department now observes that, unlike the cover sheet sent on November 1, 2012, the cover sheet sent with the appeal on October 26, 2012, does not specify that the filing fee is included. The Department correctly argues that payment of the filing fee was necessary in order to perfect Licensee's appeal. However, because the Department did not raise this issue before the trial court during its challenge to the timeliness of Licensee's appeal, we decline to consider it now.

■ The Department next argues that the trial court erred in sustaining Licensee's appeal from the one-year suspension of his operating privilege imposed by the Department under section 1532(a)(3) of the Vehicle Code (requiring the Department to suspend the operating privilege of a driver for one year based on the driver's conviction of certain enumerated offenses, including a violation of section 3742). At the hearing, the Department introduced certified records showing that Licensee was convicted of violating section 3742(a) on January 7, 2012. Once the Department established its prima facie case, the burden shifted to Licensee to prove by clear and convincing evidence that the conviction did not occur. *Roselle v. Department of Transportation, Bureau of Driver Licensing,* 865 A.2d 308, 314 (Pa.Cmwlth.2005). Licensee offered no evidence to rebut the Department's proof; therefore, the trial court erred as a matter of law in sustaining Licensee's appeal from the one-year suspension of his operating privilege.

■ The Department further argues that the trial court abused its discretion and erred as a matter of law in holding

---

4. Section 5 of the Second Class County Prothonotary Fee Act (Fee Act), Act of April 8, 1982, P.L. 303, *as amended,* 42 P.S. § 21045, provides that "[t]he prothonotary shall not be required to receive any paper or perform any service until the proper fee is paid." 42 P.S. § 21045. Where, as here, the right to appeal is statutory, the appellant must act in strict accordance with the governing statutory provisions. *Southern Chester County Concerned Citizens Organization v. Zoning Board of Lower Oxford Township,* 937 A.2d 1141, 1143 (Pa.Cmwlth.2007). Accordingly, this Court held in *Henning* that "the only requisite to perfecting a [license suspension] appeal ... is that it be accompanied by the appropriate filing fee." *Henning,* 687 A.2d at 21.

In *Shemer,* the licensee received a notice of suspension bearing a mail date of May 20, 1991. On June 19, 1991, the licensee's counsel filed an appeal but without the filing fee. The prothonotary did not accept the appeal until the filing fee was paid. Payment of the fee was made the next day, June 20, 1991, at which time the prothonotary time-stamped the appeal petition. Noting that Pa.R.C.P. No. 205.1 and section 1725(a) of the Judicial Code, 42 Pa.C.S. § 1725(a), require the payment of a filing fee, we held that the licensee's appeal was not filed until June 20, 1991, which was one day after the thirty-day appeal period and therefore untimely.

that it possessed authority to mitigate Licensee's lifetime disqualification to a five-year suspension of his commercial driving privilege. We agree.

In relevant part, section 1611 of the UCDLA provides as follows:

§ 1611. Disqualification.

(a) First violation of certain offenses.—Upon receipt of a report of conviction, the department shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of:

(1) section 3802 (relating to driving under influence of alcohol or controlled substance) or former section 3731, where the person was a commercial driver at the time the violation occurred;

(2) section 3742 (relating to accidents involving death or personal injury), where the person was a commercial driver at the time the violation occurred;

. . .

(c) Two violations of certain offenses.—Except as set forth in subsection (c.1) [involving subsequent violations of out-of-service orders], *the department shall disqualify for life any person convicted of two or more violations of any of the offenses specified in subsection (a),* or the subject of two or more reports of test refusal as specified in section 1613, or any combination of those offenses and/or refusals, arising from two or more separate and distinct incidents. Only

offenses committed after the effective date of this chapter may be considered in applying this subsection.

. . .

(d) Mitigation of disqualification for life.-The department may issue regulations establishing guidelines, including conditions, under which a disqualification for life under subsection (c) may be reduced to a period of not less than ten years, if such reductions are permitted by Federal regulations.

75 Pa.C.S. § 1611(a), (c), (d) (emphasis added).

The language of section 1611(c) explicitly requires the Department to disqualify for life any person convicted of two or more violations of any of the offenses specified in section 1611(a). *Sondergaard v. Department of Transportation, Bureau of Driver Licensing,* 65 A.3d 994, 999 (Pa. Cmwlth.2013) (holding that section 1611(a) applies to a commercial driver's license holder who violates section 3802 regardless of whether the licensee was operating a personal or commercial vehicle). The language of section 1611(d) is equally clear; it authorizes the Department to issue regulations that set forth guidelines and conditions under which a lifetime disqualification may be reduced to a period of not less than ten years. The legislature did not grant such authority to the courts of common pleas, and the Department has not exercised its authority to promulgate regulations.[5]

■ The trial court was keenly aware of the hardship that Licensee would suffer

---

5. The Department's statutory authority to adopt regulations became effective in 1992. We find the Department's failure to take action for more than twenty years troubling, particularly considering that the unmitigated application of section 1611(c) results in a commercial driver license holder's loss of his right to practice his chosen profession—and where the Department suggests that no federal regulation would prevent it from doing so. (Department's brief at 24 n. 10.) *See Sondergaard,* 65 A.3d at 997 (observing that the "severity of this sanction transforms what is a remedial law in the context of a one year disqualification, into a penal law"). Indeed, we noted in *Sondergaard* that "the federal counterpart to Pennsylvania's lifetime disqualification statute allows for a [commercial

from the strict application of the statute, and ruled accordingly. This Court is similarly aware that the Department's failure to adopt regulations allowing mitigation of the lifetime disqualification under any circumstances results in the imposition of a severe sanction in every case. Nevertheless, we have repeatedly held that where, as here, the statutory scheme is clear, the law does not allow the trial court to resort to an equitable remedy. *Greenfield v. Department of Transportation, Bureau of Motor Vehicles,* 67 A.3d 198 (Pa.Cmwlth. 2013); *Banks v. Department of Transportation, Bureau of Motor Vehicles,* 856 A.2d 294 (Pa.Cmwlth.2004). As our Supreme Court observed in *Commonwealth v. Moogerman,* 385 Pa. 256, 259–60, 122 A.2d 804, 806 (1956), "the Courts of Common Pleas are not boards of clemency; they are strictly courts of law; they are bound by rules of legal procedure and their decisions must be founded on firm jurisprudence, not fluctuating policy...." Because the legislature did not afford the trial court authority or discretion to modify the mandatory penalty imposed by the Department under section 1611(c), we conclude that the trial court exceeded its authority in modifying the lifetime disqualification of Licensee's commercial driving privilege to a five-year suspension.

Accordingly, we reverse.

### ORDER

AND NOW, this 12th day of December, 2013, the order of the Court of Common Pleas of Berks County, dated January 15, 2013, is reversed.

driver license] holder to be reinstated after ten years, if the [commercial driver license] holder has voluntarily entered and successfully completed an approved rehabilitation program. *See* 49 C.F.R. § 383.51(a)(6) (2012)." *Sondergaard,* 65 A.3d at 997 n. 3.