IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Jacob,                          :
                          Appellant     :
                                        :
            v.                          :
                                        :
Commonwealth of Pennsylvania,           :
Department of Transportation,           :   No. 198 C.D. 2024
Bureau of Driver Licensing              :   Argued: December 9, 2024


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                          FILED: March 17, 2025


        Jeffrey Jacob (Jacob) appeals from the November 22, 2023, and
January 25, 2024, orders of the Court of Common Pleas of Luzerne County (trial
court). The trial court's orders upheld a lifetime disqualification of Jacob's
commercial driver's license (CDL) pursuant to the Uniform Commercial Driver's
License Act (CDL Act), 75 Pa.C.S. §§ 1601-1622, which is within the Vehicle Code,
75 Pa.C.S. §§ 101-9910, because Jacob has two convictions for driving under the
influence of alcohol (DUI). Upon review, we affirm.


                    **I.  Factual & Procedural Background**

        Jacob received his CDL in 1997; committed a DUI offense in July 2011
that was resolved via accelerated rehabilitation disposition (ARD) and resulted in a
one-year suspension of his CDL; and then committed a second DUI offense in

November 2022, of which he was convicted in August 2023. Reproduced Record (R.R.) at 48a-51a. On August 23, 2023, the Department of Transportation, Bureau of Driver Licensing (DOT) sent Jacob a letter stating that due to his conviction for the November 2022, DUI offense, which was his second DUI conviction, he would be disqualified for life from holding a CDL pursuant to Section 1611(c) of the CDL Act, 75 Pa.C.S. § 1611(c). *Id.* at 7a. For the same incident, Jacob was also subject to a one-year suspension of his personal driver's license. *Id.* at 4a.

Jacob timely filed a petition for appeal and a supporting brief with the trial court. R.R. at 11a-19a. Jacob asserted that imposition of a lifetime CDL disqualification was in error, illegal, unreasonable, an abuse of discretion, and did not comply with the requirements of the Vehicle Code "and the Constitution of Pennsylvania and United States." *Id.* at 12a & 17a. Specifically, he stated that he "has not been convicted of two or more violations of any of the offenses" that would trigger a lifetime CDL disqualification and that because lifetime CDL disqualification would cause him "great hardship and inconvenience," mitigation was warranted. *Id.* at 13a & 17a.

An initial hearing was held on November 13, 2023, on both the one-year suspension of Jacob's personal license and the lifetime disqualification of his CDL. R.R. at 28a. The DOT introduced Jacob's certified driving history, including his July 2011 and November 2022 DUI convictions. *Id.* at 29a. Jacob's counsel acknowledged the DUI dispositions and stated that he planned to present legal argument at that time because "I don't think much of the factual predicate is in dispute." R.R. at 29a. Jacob's counsel noted that the "the argument from our side is particularly in light of the whole legal discussion about whether or not a DUI resolved via ARD counts as a prior conviction. Our position on it is that it does not

2

and, therefore, the lifetime ban does not apply." *Id.* He added that "the courts have gone back and forth" on whether, in the criminal context, including a DUI resolved via ARD as a "prior offense" violated due process because the DOT did not have to prove guilt beyond a reasonable doubt and that "until the Supreme Court resolves the issue," Jacob should not be subject to lifetime CDL disqualification. *Id.* Jacob's counsel added that mitigation to a ten-year suspension was warranted because Jacob works for the public works department and his livelihood "is very much contingent upon him maintaining a CDL." *Id.*

The trial court subsequently issued a November 23, 2023, order upholding the one-year suspension of Jacob's personal driver's license, which is not at issue here, and scheduling an evidentiary hearing on the lifetime disqualification of his CDL. R.R. at 54a.

At the January 2024 hearing, the DOT argued that under *Dietrich v. Department of Transportation, Bureau of Driver Licensing*, 82 A.3d 1087 (Pa. Cmwlth. 2013), the trial court had no authority or discretion to mitigate Jacob's lifetime CDL disqualification because although the statutory scheme authorized the DOT to enact mitigation guidelines, the DOT had not done so, and there was no statutory basis for the trial court to devise an equitable remedy in a particular case. R.R. at 55a-56a.

Jacob's counsel countered that under *Sondergaard v. Department of Transportation, Bureau of Driver Licensing*, 65 A.3d 994 (Pa. Cmwlth. 2013), lifetime CDL disqualification is penal in nature and that because the CDL Act is within the Vehicle Code (Chapter 16), and Section 1611(c) imposes a penal consequence, that provision is equivalent to certain criminal DUI sentencing provisions in Chapter 38 of the Vehicle Code that are currently on appeal in our

3

courts. R.R. at 57a. Jacob's counsel further pointed to our Supreme Court's pending review in *Commonwealth v. Richards*, 294 A.3d 300 (Pa. 2023). The issue in *Richards* is whether a previous DUI offense resolved via ARD is a "prior offense" under Section 3806 of the Vehicle Code, 75 Pa.C.S. § 3806, which pertains to criminal DUI penalties such as probation, fines, and prison sentences. Jacob's counsel posited that if our Supreme Court ultimately finds it unconstitutional to count a previous DUI offense resolved via ARD as a "prior offense" for criminal penalties on the basis that in the ARD context, the Commonwealth does not have to establish guilt beyond a reasonable doubt, then it should likewise be unconstitutional to count a previous DUI offense resolved through ARD as a prior conviction for purposes of Section 1611(c) of the CDL Act, even though lifetime CDL disqualification is a civil penalty: "it's the horse with the same colors." R.R. at 57a.

At the end of the January 2024 hearing, the trial court stated that even though the hearing had been called for mitigation evidence on Jacob's lifetime CDL disqualification, because it had no authority to reduce or mitigate the penalty regardless of what evidence might have been presented, the matter would be dismissed. R.R. at 58a. The trial court subsequently issued its January 25, 2024, final order stating that pursuant to *Dietrich*, it lacked jurisdiction to reduce Jacob's lifetime CDL disqualification and reiterated that Jacob's appeal was dismissed. *Id.* at 66a.

Jacob timely appealed to this Court. His statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), framed his issues as follows:

> [The DOT] failed to meet its burden of establishing [that Jacob] was convicted of two or more violations of any of the offenses specified in [Section] 1611(a) within the meaning of [Section] 1611(c).

4

> Section 1611(c) violates the federal and Pennsylvania constitutional prohibitions on cruel and unusual punishment.

R.R. at 71a-76a.

In his Rule 1925(b) statement, Jacob did not specifically reiterate his statutory argument from the January 2024 hearing based on Section 3806(a) of the Vehicle Code, 75 Pa.C.S. § 3806(a), specifically that because his first DUI was resolved via ARD and the Commonwealth did not have to establish his guilt beyond a reasonable doubt, it is not a valid prior conviction for purposes of lifetime CDL disqualification pursuant to Section 1611(c) of the CDL Act. Instead, Jacob asserted that Section 3806(b) of the Vehicle Code, 75 Pa.C.S. § 3806(b), does not consider a DUI a "prior offense" for purposes of criminal sentencing if it occurred more than 10 years before the date of the subsequent offense for which the defendant was being sentenced. R.R. at 73a-74a. Jacob posited that if Section 3806(b) is read *in pari materia* with the CDL Act, which is also part of the Vehicle Code, then his July 2011 DUI had become "statutorily nullified" and could not serve as a "first" conviction to subject him to lifetime CDL disqualification after his November 2022 DUI. *Id*. at 74a. Jacob also faulted the trial court for dismissing the matter without taking evidence that would establish a factual record upon which a cruel and unusual punishment analysis pursuant to the Eighth Amendment to the United States Constitution[1] could have been conducted. *Id*. at 76a.

In its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), the trial court did not specifically address Jacob's argument based on Section 3806(b)'s 10-year limitation. The trial court rejected Jacob's statutory claim that because his first DUI was resolved via ARD, it did not

___
[1] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. Amend. VIII.

5

count as a first offense for purposes of lifetime CDL disqualification. Original Record (O.R.) #49 at 3. The trial court observed that the CDL Act expressly includes a DUI resolved by ARD in its definition of a "conviction" and that regardless of how Section 3806 of the Vehicle Code defines "prior offenses," that provision is not incorporated into the CDL Act. *Id.* The trial court added that this was the basis for its November 22, 2023, order dismissing Jacob's appeal from the DOT's notice of lifetime CDL disqualification. *Id.* The Court explained that its January 25, 2024, order confirmed that pursuant to *Dietrich*, it did not have the authority or discretion to mitigate the lifetime CDL disqualification penalty. *Id.* at 4.

Regarding Jacob's Eighth Amendment claims, the trial court noted that Jacob had not previously raised them in his initial petition and brief appealing the lifetime CDL disqualification notice or at either hearing and was raising them for the first time in his Rule 1925(b) statement. O.R. #49 at 4. The trial court observed that an issue raised for the first time in a Rule 1925(b) statement is waived; accordingly, the trial court did not address the merits of Jacob's constitutional claims. *Id.* at 4-5 (citing *Rutledge v. Dep't of Transp.*, 508 A.2d 1306, 1307-08 (Pa. Cmwlth. 1986) (concluding that it is "definitely too late" to raise a new issue for the first time in a Rule 1925(b) statement)).

## II. Issues

On appeal,[2] Jacob first asserts that because of the resolution of his first DUI offense through ARD, the DOT failed to establish that he had been convicted

---

[2] Our review of a trial court's decision in a driver's license penalty case is limited to determining whether the court's findings of fact are supported by substantial evidence and whether the court committed an error of law or an abuse of discretion in reaching its decision. *Orloff v. Dep't of Transp., Bureau of Driver Licensing*, 912 A.2d 918, 922 n.7 (Pa. Cmwlth. 2006).

6

of two or more violations of the offenses specified in the CDL Act as predicates for lifetime CDL disqualification. Jacob's Br. at 5. Jacob also asserts that the lifetime disqualification provision of the CDL Act violates the federal and Pennsylvania constitutional prohibitions on cruel and unusual punishment and that he did not waive his constitutional challenge in this matter. *Id.* For both issues, we will first address potential waiver.

## III. Discussion

### A. Statutory Claims

#### 1. Waiver

Pennsylvania Rule of Appellate Procedure 302(a) provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Relatedly, issues not raised before the trial court cannot be raised for the first time in a Rule 1925(b) statement. *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009). However, where a legal issue is raised and preserved for review, an appellant may make "additional legal arguments on those preserved issues" because Rule 302(a) requires that "issues" be preserved, not necessarily "reasoning" with regard to those issues. *Wolk v. Sch. Dist. of Lower Merion*, 228 A.3d 595, 604 (Pa. Cmwlth. 2020). Our Supreme Court has held that "the critical inquiry is whether a party is raising a wholly new legal theory or is merely strengthening its previously articulated argument with additional legal authority." *HIKO Energy, LLC, v. Pa. Pub. Util. Comm'n*, 209 A.3d 246, 262 (Pa. 2019).

In this appeal, Jacob posits, as he did in his Rule 1925(b) statement, that because Section 3806 of the Vehicle Code, addressed further below, generally

7

addresses criminal DUI penalties and does not count a prior DUI that occurs more than 10 years before a "current" DUI as a "prior offense," his July 2011 DUI cannot be considered a first DUI violation for purposes of Section 1611(c) of the CDL Act, which is within the Vehicle Code and imposes a civil penalty of lifetime CDL disqualification for two or more DUI violations. Jacob's Br. at 13. Jacob acknowledges that he did not raise this specific argument to the trial court because he focused at that time on whether a DUI offense resolved via ARD could constitute a "prior offense" for purposes of a lifetime CDL disqualification without requiring the Commonwealth to establish guilt beyond a reasonable doubt. *Id*. at 15. However, Jacob asserts that he did not waive his argument regarding the temporal limitations of Section 3806(b); he characterizes his temporal argument as "merely an expansion or variation" of his general and preserved contention to the trial court that the DOT had not established two DUI convictions for purposes of the CDL Act. *Id*. at 15-16.

Notably, neither the DOT nor the trial court asserts that Jacob waived his statutory argument based on applying the 10-year period set forth in Section 3806(b) of the Vehicle Code to Section 1611(c) of the CDL Act, even though the record is clear that he did not raise this specific position to the trial court in his documentary filings or at either hearing. Moreover, the trial court disposed of Jacob's statutory claims regarding Section 3806 of the Vehicle Code generally, stating in its opinion that the CDL Act does not expressly incorporate that provision in either its definitions (Section 1603) or in Section 1611(c). O.R. #49, at 3. We conclude that Jacob raised Section 3806 generally to the trial court in support of his assertion that because his July 2011 DUI would not be treated as a "prior offense" in the criminal penalty context, it should not be "counted" towards a lifetime CDL

8

disqualification in the civil penalty context. Although his Rule 1925(b) claim regarding the 10-year period in Section 3806(b) differs from his arguments to the trial court, for purposes of this appeal, it may be regarded as additional "reasoning" in support of his Section 3806 claim as raised to the trial court. *Wolk*, 228 A.3d at 604. Put another way, Jacob's assertions regarding the temporal aspects of Section 3806(b) served as "additional legal authority" for the general statutory claim he had already articulated regarding Section 3806; it was not "a wholly new legal theory." *HIKO Energy*, 209 A.3d at 262. As such, Jacob's statutory claims regarding Section 3806's applicability to the CDL Act were not waived and we proceed to the merits.

## 2. Merits

Section 1602(b) of the CDL Act states:

This chapter is a remedial law and shall be liberally construed to promote the public health, safety and welfare. To the extent that this chapter conflicts with other driver licensing provisions, this chapter prevails. Where this chapter is silent, the general driver licensing provisions apply.

75 Pa.C.S. § 1602(b). Section 1603 sets forth the following definition of a "conviction":

*For the purposes of this chapter*, a conviction includes a finding of guilty or the entering of a plea of guilty, *nolo contendere* or the unvacated forfeiture of bail or collateral deposited to secure a person's appearance in court as determined by the law of the jurisdiction in which the prosecution was held. A payment of the fine or court cost or entering into an installment agreement to pay the fine or court cost for the violation by any person charged with a violation of this title is a plea of guilty. *The term shall include the acceptance of* [ARD] *or other preadjudication disposition for an offense or an unvacated finding of guilt or determination of violation of the law or failure to*

9

comply with the law by an authorized administrative tribunal. The term also includes a violation of a condition of release without bail, including the failure to pay a fine or appear in court to contest a citation. The term does not include a conviction which has been overturned or for which an individual has been pardoned.

75 Pa.C.S. § 1603 (emphasis added). Section 1611 states in relevant part:

(a) **First violation of certain offenses.**--Upon receipt of a report of conviction, the [DOT] shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle or school vehicle for a period of one year for the first violation of:

(1) section 3802 (relating to driving under influence of alcohol or controlled substance) or former section 3731, where the person was a commercial driver at the time the violation occurred;

. . . .

(c) **Two violations of certain offenses.**—[T]he [DOT] shall disqualify for life any person convicted of two or more violations of any of the offenses specified in subsection (a), or the subject of two or more reports of test refusal as specified in section 1613, or any combination of those offenses and/or refusals, arising from two or more separate and distinct incidents.

75 Pa.C.S. § 1611(a)(1), (c). Section 3806 of the Vehicle Code states in relevant part:

**(a) General rule.**--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following:

10

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

. . . .

**(b) Timing.**--

(1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

(i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

75 Pa.C.S. 3806(a)(1), (b)(1)(i).

In *Thorek v. Department of Transportation, Bureau of Driver Licensing*, 938 A.2d 505 (Pa. Cmwlth. 2007), the trial court dismissed the appeal of a CDL licensee who challenged a one-year CDL disqualification based on Section 1611(a) of the CDL Act, which pertains to an initial DUI conviction. *Id*. at 506-07. The licensee had committed a 2006 DUI that was resolved via ARD, which as of 2005 amendments to the CDL Act included a DUI resolved via ARD as a "conviction" for CDL civil penalties. *Id*. The licensee argued that another provision in the Vehicle Code should govern, specifically Section 6501, 75 Pa.C.S. § 6501, which provided a general Vehicle Code definition of "conviction" that did not include DUIs resolved via ARD as convictions. *Id*. at 508.

In *Thorek*, this Court acknowledged that the licensee had pointed out a conflict between the general Vehicle Code and CDL Act definitions of "conviction" with regard to inclusion of DUIs resolved via ARD. 938 A.2d at 508. However, we explained that vehicle licensing is "civil in nature and is separate and apart from criminal DUI proceedings" and that the differences in the penalty schemes "were

11

intended by the legislature." *Id*. at 508-09.  Moreover, we pointed out that the CDL Act expressly provides that "where there is a conflict between Chapter 16 and other provisions in the Vehicle Code, Chapter 16 prevails." *Id*. at 508 (quoting 75 Pa C.S. § 1602(b)).  We concluded: "The present controversy is governed by Chapter 16 of the Motor Vehicle Code, and Licensee's attempt to rely on other provisions of the Vehicle Code violates 75 Pa.C.S.1602(b)." *Id*.

Here, Jacob accepted ARD to resolve a July 2011 DUI and was later convicted of a November 2022 DUI.  R.R. at 50a-51a.  The DOT asserted that this evidence supported its determination that Jacob had committed two DUI violations and was subject to lifetime CDL disqualification pursuant to Section 1611(c) of the CDL Act.  *Id*. at 29a.  The trial court's November 22, 2023, order dismissed Jacob's appeal from the lifetime CDL disqualification and subsequently confirmed that disposition in its January 25, 2024, final order.  *Id*. at 66a-67a.

As noted above, Jacob argues that because Section 3806(b) of the Vehicle Code does not count a prior DUI that occurs more than 10 years before a "second" DUI as a "prior offense" for purposes of criminal DUI penalties, his "first" July 2011 DUI had become "statutorily nullified" by the time of his "second" November 2022 DUI.  Jacob's Br. at 13.  He asserts that although Section 3806 is in a different part of the Vehicle Code from the CDL Act, the relevant provisions must be read *in pari materia*, such that the 10-year temporal limitation on what constitutes a "prior offense" in Section 3806 applies equally to the CDL Act.  Jacob asserts that, as such, the DOT failed to produce evidence of two DUI "convictions" as defined in Section 1603 of the CDL Act and as required for a lifetime CDL disqualification in Section 1611(c) of the CDL Act.  *Id*.

12

The DOT acknowledges that Jacob's July 2011 DUI occurred more than 10 years before his November 2022 DUI and would not count as a "prior offense" for purposes of Section 3806(b), but responds that Jacob "mistakenly conflates" the criminal penalties for a person who commits a DUI, which are expressly subject to the 10-year limitation in Section 3806(b), with the civil penalties for a CDL holder who commits a DUI, which have no limitations based on when the convictions occur. DOT's Br. at 7 & 12-15 (citing *Thorek*).

We agree. Section 1602(b) of the CDL Act, which is Chapter 16 of the Vehicle Code, expressly states: "To the extent that this chapter conflicts with other driver licensing provisions, this chapter prevails. Where this chapter is silent, the general driver licensing provisions apply." 75 Pa.C.S. § 1602(b). To that end, the CDL Act's definitions in Section 1603 are also expressly limited to the CDL Act. *See* 75 Pa.C.S. § 1603 (stating that "[t]he following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise"). Nowhere in the CDL Act, particularly in Section 1611, is Section 3806 of the Vehicle Code incorporated or even referenced, and the Act expressly incorporates other parts of the Vehicle Code, so the General Assembly clearly knew that it could incorporate Section 3806 into the CDL Act if it saw fit to do so. *See id*. (stating that the CDL Act definition of "serious traffic violation" includes violations enumerated in Chapter 33 of the Vehicle Code, such as following another vehicle too closely, staying in one's lane, and yielding to highway construction and maintenance personnel and vehicles).

Moreover, even Section 3806, which Jacob seeks to import into the CDL Act, expressly limits its application within the Vehicle Code. Section 3806(a) states: "the term 'prior offense' *as used in this chapter* shall mean any conviction . . .

13

for any of the following [offenses.]" 75 Pa.C.S. § 3806(a). Section 3806(b)(1) states that the 10-year limitation for a "prior offense" relates to the following enumerated sections of the Vehicle Code: "1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to [criminal DUI] penalties) and 3805 (relating to ignition interlock)[.]" 75 Pa.C.S. § 3806(b)(1). The Vehicle Code provisions enumerated in Section 3806(b) do not include the CDL Act.

Although in *Thorek* there may have been a more express conflict between the definition of "conviction" in Section 1603 of the CDL Act and the general Vehicle Code definition of "conviction" in Section 6501, that case made clear that within the Vehicle Code, civil and criminal penalties are treated differently and that where another provision conflicts with application of the CDL Act, the CDL Act will prevail. 938 A.2d at 508.

Here, Section 1611(c) requires two or more DUI violations for lifetime CDL disqualification, with no mention in the CDL Act that the timing of a given violation will affect its applicability. By contrast, Section 3806(b) limits a "prior offense" for criminal sentencing purposes to DUI convictions occurring within the past 10 years of the offense for which the licensee (whether personal or CDL) is being sentenced. This is understandable, given that criminal penalties for numerous DUI offenses include mandatory prison time, which implicates liberty interests subject to the highest levels of protection, whereas the right to practice one's chosen profession is "subject to the lawful exercise of the Commonwealth's power to protect the health, safety, welfare, and morals of the public by regulating the profession." *Haveman v. Bureau of Pro. & Occupational Affs., State Bd. of Cosmetology*, 238 A.3d 567, 574 (Pa. Cmwlth. 2020). The CDL Act fits squarely within this context,

14

in that it expressly states in Section 1602 that it "shall be liberally construed to promote the public health, safety and welfare." 75 Pa.C.S. § 1602(b).

As such, Jacob's July 2011 DUI did not "expire" after 10 years for purposes of the CDL Act. It was his first DUI conviction even though it was resolved via ARD, and after his November 2022 DUI conviction, his driving record showed two DUI convictions. R.R. at 50a-51a. The DOT, therefore, established the basis for Jacob's lifetime CDL disqualification in this case on the basis of Section 1611(c). Jacob's statutory claims are meritless, and the trial court did not err in dismissing Jacob's appeal from the DOT's disposition.

## B. Constitutional Eighth Amendment Claims

### 1. Waiver

As stated above, Appellate Rule 302(a) provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Similarly, issues not raised before the trial court cannot be raised for the first time in a Rule 1925(b) statement. *Steiner*, 968 A.2d at 1257. However, where a legal issue is raised and preserved for review, an appeal party may make "additional legal arguments on those preserved issues" because Rule 302(a) requires that "issues" be preserved, not necessarily the "reasoning" with regard to those issues. *Wolk*, 228 A.3d at 604. Nevertheless, "[w]hen a party is alleging a statute is unconstitutional, whether as applied or on its face, 'it is incumbent . . . to state, at least in somewhat express terms, the specific constitutional grounds upon which the challenger is basing its attack on the legislation.'" *HIKO Energy*, 209 A.3d at 263.

Moreover, a claim may be waived under Appellate Rules 302(a) and 1925(b) even if it raises constitutional issues. *See Retail Energy Supply Ass'n v. Pa.*

15

*Pub. Util. Comm'n*, 185 A.3d 1206, 1230 (Pa. Cmwlth. 2018) (holding that the appellant waived its due process claim when it failed to raise the claim in administrative proceedings). In *Wert v. Department of Transportation, Bureau of Driver Licensing*, 821 A.2d 182 (Pa. Cmwlth. 2003), the licensee challenged a one-year suspension of his Pennsylvania driver's license resulting from a DUI offense committed in New Jersey. *Id.* at 184. He asserted at the trial level that the suspension violated his privileges and immunities as a United States citizen, but he did not provide specifics or evidence to support his claim. *Id.* at 185. On appeal, he explained that Pennsylvania and New Jersey treat ARD and extrapolation evidence showing the probable blood alcohol level of a driver at the time of the DUI differently; he argued that the interstate compact by which out-of-state driving violations are reported and penalized led to unfair double punishment for a single violation. *Id.*

In *Wert*, the DOT argued that the licensee had waived his constitutional claims because they were not raised at the trial level. 821 A.2d at 185. We agreed in part. Although the specific points supporting the licensee's claim had not been raised to the trial court, the licensee had expressly asserted and preserved in the trial court his claim that the suspension violated his constitutionally protected privileges and immunities. *Id.* at 186. Because his claims regarding ARD and extrapolation evidence could be addressed without an evidentiary record from the trial court, those claims could be addressed on appeal and were not waived. *Id.* at 186. However, the licensee's privileges and immunities claim regarding double punishment was waived because it required evidence that was his burden to present at the trial level and he had not done so. *Id.* at 186-87.

16

Here, Jacob asserted in his petition and brief appealing the lifetime CDL disqualification to the trial court that the imposition of a lifetime CDL disqualification was erroneous, illegal, unreasonable, an abuse of discretion, and did not comply with the requirements of the Vehicle Code "and the Constitution of Pennsylvania and United States." *Id*. at 12a & 17a. At the November 2023 hearing, Jacob's counsel raised constitutionality but did so only within the context of the ongoing debate regarding whether treating a DUI offense resolved via ARD as a "prior offense" in the criminal context violated due process because the DOT did not have to prove guilt beyond a reasonable doubt. *Id*. at 29a. At the January 2024 hearing, Jacob's counsel again raised constitutionality only with regard to counting a DUI offense resolved via ARD as a "prior offense" in the criminal DUI context. *Id*. at 57a. He also cited *Sondergaard* for the principle that lifetime CDL disqualification is penal in nature. *Id*. Then, in his Rule 1925(b) statement, Jacob asserted for the first time that subjecting him to lifetime CDL disqualification violated "the federal and Pennsylvania constitutional prohibitions on cruel and unusual punishment." *Id*. at 71a-76a. The trial court concluded in its Rule 1925(a) opinion that Jacob waived his Eighth Amendment arguments because they were never raised prior to Jacob's Rule 1925(b) statement. O.R. #49 at 4-5.

Before this Court, Jacob argues that he generally raised the constitutionality of his lifetime CDL disqualification in his petition appealing the DOT's disposition and specifically raised it in his Rule 1925(b) statement. Jacob's Br. at 19-20. He also relies on *Wert* and *Rimer-Klak v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 875 C.D. 2021, filed

17

May 9, 2024), 2024 WL 2063953 (unreported),[3] where this Court found the DOT raised the relevant issue before the trial court, specifically the application of a criminal DUI case to the civil license penalty context, and did not waive that issue simply because it presented a different legal argument on appeal that related to the same issue. *Id.*, slip op. at 10-11, 2024 WL 2063953, at *4. Jacob adds that throughout the trial court proceedings, he raised the severity and penal nature of a lifetime CDL disqualification, such as when he cited *Sondergaard* at the January 2024 hearing, and that this sufficiently preserved his Eighth Amendment claims. Jacob's Br. at 21-22.

The DOT acknowledges that Jacob raised the severity and penal nature of a lifetime CDL disqualification at the trial court level but maintains that Jacob made these assertions in the context of seeking mitigation rather than in support of an Eighth Amendment claim. DOT's Br. at 20-23. The DOT is correct. At no time before his Rule 1925(b) statement did Jacob assert to the DOT or the trial court that lifetime CDL disqualification amounted to cruel and unusual punishment. Although his counsel cited *Sondergaard* to the trial court at the January 2024 hearing, *Sondergaard* was not an Eighth Amendment case; it stated only that lifetime CDL disqualification is penal in nature. 65 A.3d at 997. In *Shoul v. Department of Transportation, Bureau of Driver Licensing*, 173 A.3d 669 (Pa. 2017), our Supreme Court made clear that "determining whether a formally civil sanction is functionally a criminal punishment, implicating constitutional rights attendant criminal proceedings" is distinct from "determining whether a sanction is, for purposes of the

---

[3] Under Section 414(a) of this Court internal operating procedures, unreported opinions of this Court issued after January 15, 2008, although not binding authority, may be cited as persuasive. 210 Pa. Code § 69.414(a).

Eighth Amendment, 'punishment,' which includes all civil or criminal sanctions that serve retributive or deterrent purposes to any degree." *Id*. at 684.

Jacob implies that the trial court here should have gleaned an Eighth Amendment claim from (1) Jacob's filings raising constitutionality generally, (2) the penal nature of a lifetime CDL disqualification, and (3) his counsel's arguments concerning the due process right of the accused to have their crimes proven beyond a reasonable doubt. Jacob's argument turns Appellate Rule 302(a) on its head and "blames" the trial court for failing to deduce a specific constitutional claim that was not presented to it. *See HIKO Energy*, 209 A.3d at 263 (stating that when a party alleges that a statute is unconstitutional, whether as applied or on its face, "it is incumbent . . . to state, at least in somewhat express terms, *the specific constitutional grounds* upon which the challenger is basing its attack on the legislation") (emphasis added). Moreover, we agree with the DOT's observation that "[s]tating to the trial court during the hearing that . . . this nominally civil statute [Section 1611(c)] imposes 'cruel and unusual punishment' would have allowed the trial court to explore this issue on the record, rather than first learning about it when the [Rule] 1925(b) statement was filed." DOT's Br. at 23.

We note also this Court's opinion in *Chappell v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 431 C.D. 2022, filed October 18, 2023), 2023 WL 6862003 (unreported) (*Chappell I*). Although unreported, *Chappell I* was issued and publicly available before Jacob's first hearing in this matter on November 13, 2023. Although we remanded to the trial court in *Chappell I* for a new decision, the case signaled to the bench and bar the potential viability of an Eighth Amendment claim challenging Section 1611 of the CDL Act. *Id*., slip op. at 11-12, 2023 WL 6862003, at *5.

19

Jacob did not incorporate an Eighth Amendment claim either in his filings or in oral advocacy before the trial court. It was not the trial court's responsibility to intuit an Eighth Amendment claim in this case where Jacob failed to state "at least in somewhat express terms, the specific constitutional grounds upon which" he sought to challenge Section 1611(c), other than the due process assertions he had already raised with regard to Section 3806 of the Vehicle Code. *HIKO Energy*, 209 A.3d at 263. When Jacob finally specified the Eighth Amendment in his Rule 1925(b) statement, it was not "additional legal authority" or "reasoning" concerning a claim he had already identified to the trial court; it was "a wholly new legal theory." *Id*. at 262; *see also Wolk*, 228 A.3d at 604.

In short, Jacob did not raise his Eighth Amendment claims to the trial court at all, and when he raised them in his Rule 1925(b) statement, they presented a "wholly new legal theory" that the trial court properly deemed waived. As the trial court did not err in that conclusion, Jacob's Eighth Amendment claims were waived for appeal.

### 2. Merits

In *Shoul*, 173 A.3d at 687, our Supreme Court stated that this inquiry requires a sufficiently developed trial court record and opinion that includes the facts of the offense, the impact of the loss of the licensee's CDL, any harmful consequences of the offense, and a meaningful weighing of the relevant factors set forth in *Solem v. Helm*, 463 U.S. 277 (1983) and *Commonwealth v. 1997 Chevrolet & Contents Seized from Young*, 160 A.3d 153 (Pa. 2017). *See also Chappell v. Department of Transportation, Bureau of Driver Licensing*, 326 A.3d 160, 171 (Pa. Cmwlth. 2024) (stating that "[u]pon review of the record and relevant law, we

20

conclude that Section 1611(c) of the CDL Act does not violate the prohibition on cruel and unusual punishment as embodied in the Eighth Amendment to the United States Constitution").

If we had reached the merits here, this matter would need to return to the trial court for sufficient record development and analysis. However, because Jacob waived his Eighth Amendment challenge to his lifetime CDL disqualification, we need not remand this matter to the trial court for further proceedings.

## IV. Conclusion

In light of the foregoing discussion, we conclude that Jacob's statutory claims challenging the DOT's imposition of a lifetime CDL disqualification upon the application of Section 1611(c) to his 2011 and 2022 DUI convictions were not waived but are meritless. Jacob's constitutional claim challenging Section 1611(c) as cruel and unusual punishment pursuant to the Eighth Amendment was waived. As such, the trial court's November 22, 2023, and January 25, 2024, orders dismissing Jacob's appeal from the DOT's determination is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Jacob,                              :
               Appellant        :
                                   :
             v.                     :
                                   :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :   No. 198 C.D. 2024
Bureau of Driver Licensing                  :

# **O R D E R**

AND NOW, this 17th day of March, 2025, the November 22, 2023, and January 25, 2024, orders of the Court of Common Pleas of Luzerne County are AFFIRMED.

                                              _____
                                            CHRISTINE FIZZANO CANNON, Judge